IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY STERN and SUSAN STERN,

    Plaintiffs,

v.                                          Civil Action No. 5:15CV98
                                                        (STAMP)
COLUMBIA GAS TRANSMISSION, LLC,
CHESAPEAKE APPALACHIA, LLC,
COLUMBIA ENERGY VENTURE, LLC and
SWN PRODUCTION COMPANY, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT,
DIRECTING THE CLERK TO FILE THE SECOND AMENDED COMPLAINT
AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**

The plaintiffs ("the Sterns") filed this civil action seeking a declaration that two leases for the production and storage of natural gas on their property are invalid, and alleging claims for slander of title, trespass, conversion, breach of implied covenants against drainage, and breach of covenants of good faith and fair dealing. Defendant Chesapeake Appalachia, LLC ("Chesapeake"), filed a motion to dismiss all counts against it for failure to state a claim. In their response, the Sterns requested leave to amend the complaint. For the following reasons, this Court grants the Sterns' request for leave to amend the complaint and denies as moot Chesapeake's motion to dismiss.

I. Background

The Sterns filed a six-count complaint in West Virginia state court, and the defendants removed the case to this Court citing

diversity jurisdiction. The Sterns then filed their first amended complaint. In Count I, the Sterns seek a declaration that two leases for the production and storage of natural gas on their property are invalid. The Sterns entered into the leases in 1963 for a ten-year primary term, in which time the lessees were required to begin production of natural gas on the property. The Sterns allege that the leases lapsed in 1973 because the lessees failed to produce on the property during the ten-year primary term. In Count II, the Sterns allege slander of title, specifically alleging that the invalid leases were referenced in public filings involving the assignment of rights under the leases, clouding title to the property. Counts III, IV, V, and VI name SWN Production Company, LLC ("SWN"), and respectively allege trespass, conversion, breach of implied covenants against drainage, and breach of implied covenants of good faith and fair dealing. The Sterns allege that SWN operated a well on their neighbor's property through which it was producing gas from the Sterns' property without contractual authority to do so. Chesapeake filed a motion to dismiss, under Rule 12(b)(6), all counts as to it.

Chesapeake argues that the declaratory judgment action should be dismissed against it because it no longer has an interest in the leases, as it assigned all of its interests to SWN in 2014. As to the slander of title claim, Chesapeake argues that the claim should be dismissed against it because the complaint offers only

conclusory allegations that Chesapeake acted with malice.  Further, Chesapeake argues that the remaining counts of the complaint should be dismissed against it because it is not named in those counts.

In addition to substantive responses, the Sterns request leave to file a second amended complaint and attached their proposed second amended complaint to their memorandum.  The second amended complaint alleges more specific facts regarding Chesapeake's alleged malice and names Chesapeake in Counts III, IV, V, and VI. In particular, the Sterns allege that a Chesapeake representative came to their home seeking modifications to the leases that would allow Chesapeake to drill horizontal bore holes from adjacent property to produce gas from the Sterns' property.  When the Sterns refused, the Chesapeake representative allegedly threatened to drill with or without their consent and stormed out of the house. Then, Chesapeake began operating a well on adjacent property from which it produced gas from the Sterns' property, before assigning its rights to SWN.

## II. Applicable Law

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim

that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

However, under Federal Rule of Civil Procedure 15(a)(2), a plaintiff may request leave to amend the complaint, and a "court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has broad discretion concerning motions to amend pleadings, but leave should be granted unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (internal quotation marks omitted).

### III. Discussion

Chesapeake argues that the Sterns' request for leave to file a second amended complaint should be denied because they failed to file a motion for leave to amend the complaint as required by Local Rule of Civil Procedure 15.01. The Sterns did not file a motion for leave to amend the complaint. Rather, they attached a copy of their proposed second amended complaint to their memorandum in response to Chesapeake's motion to dismiss.

Local Rule of Civil Procedure 15.01 provides that a party seeking to amend a pleading under Federal Rule of Civil Procedure 15(a)(2) must file a motion for leave to amend the pleading and "attach to that motion a signed copy of the proposed amended

4

pleading. The amended pleading shall not be filed until the Court grants the particular motion." L.R. Civ. P. 15.01. However, the Local Rules must be "applied, construed, and enforced to avoid inconsistency with" the Federal Rules of Civil Procedure, and "shall also be construed and applied to provide fairness." Local Rules, Preface. Further, "[a] district judge may, in the interest of orderly, expeditious, and efficient administration of justice, allow departures from these Local Rules when warranted by particular facts and circumstances." Id.

This Court finds that strict adherence to Local Rule of Civil Procedure 15.01 in this case will not best serve the purposes of the Federal Rules of Civil Procedure or the interest of justice. As Rule 15(a)(2) provides, this Court should freely give leave to amend a pleading, and there is no indication that the Sterns have acted in bad faith or that the amendment would be futile. Nor will the defendants be unfairly prejudiced by the filing of the second amended complaint, as they will have the opportunity to file responsive pleadings to the second amended complaint. Fed. R. Civ. P. 15(a)(3). Therefore, this Court grants the Sterns' request for leave to amend their complaint by filing a second amended complaint.

Additionally, because the Sterns' amended complaint is superceded by their second amended complaint, Chesapeake's motion to dismiss the amended complaint is denied as moot.

IV. Conclusion

The plaintiffs' request for leave to file a second amended complaint is GRANTED. Accordingly, the Clerk is DIRECTED to file ECF No. 13-1 as the plaintiffs' Second Amended Complaint.

In addition, Chesapeake Appalachia, LLC's motion to dismiss the plaintiffs' first amended complaint is DENIED AS MOOT. The defendants may file responses to the second amended complaint **within fourteen days of the entry of this order**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED:    December 2, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE