IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY STERN and SUSAN STERN,

    Plaintiffs,

v.                                      Civil Action No. 5:15CV98
                                                                        (STAMP)

COLUMBIA GAS TRANSMISSION, LLC,
CHESAPEAKE APPALACHIA, LLC,
COLUMBIA ENERGY VENTURE, LLC and
SWN PRODUCTION COMPANY, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT**

After this Court granted in part and denied in part the defendants' motion to dismiss the plaintiffs' fourth amended complaint, the plaintiffs filed a motion for leave to file a fifth amended complaint. The defendants oppose that motion. For the following reasons, the plaintiffs' motion for leave to file a fifth amended complaint is granted.

### I. Procedural History

This is a breach of contract case arising out of two oil and gas leases. Columbia Gas Transmission, LLC and Columbia Energy Venture, LLC (collectively "Columbia") hold oil and gas leases in the plaintiffs' two tracts ("the subject leases"). Columbia sublet the subject leases to Chesapeake Appalachia, LLC ("Chesapeake"). Chesapeake has since assigned all of its rights and interests in the subject leases to SWN Production Company, LLC ("SWN").

The plaintiffs ("the Sterns") originally alleged that the subject leases do not allow for pooling or unitization of their properties with neighboring lands. Chesapeake included portions of the Sterns' properties in a pooled unit known as the "Ray Baker Unit." Chesapeake drilled and began operating a well known as the "Ray Baker #1H" on property, other than the Sterns', in the Ray Baker Unit. The Sterns allege that the Ray Baker #1H well is producing gas from the Sterns' properties through drainage. After Chesapeake assigned all of its rights and interests in the subject leases to SWN, SWN has continued producing gas from the Sterns' properties through the Ray Baker #1H well. The Sterns allege that after they filed this civil action, SWN issued a First Amended Declaration and Notice of Pooled Unit for the Ray Baker Unit, "reconfigur[ing] the boundaries of the Ray Baker Unit . . . to exclude the portion of [the Sterns'] . . . tracts which had previously been included in the Unit by Chesapeake." ECF No. 76 at 8.

The Sterns' claims against Columbia have been settled and dismissed. However, in their fourth amended complaint, the Sterns continued to allege claims against both Chesapeake and SWN for breach of contract, breach of the implied covenant against drainage, and fraudulent extraction of gas in Count II, trespass and conversion in Counts III and IV, and bad faith pooling and breach of the implied covenant of good faith and fair dealing in

Counts V, VI, and VII. Chesapeake and SWN filed motions to dismiss under Rule 12(b)(6).

This Court granted in part and denied in part those motions to dismiss. Specifically, this Court concluded that the subject leases did include the right to pool the Sterns' property, eliminating Counts II, III, and IV of the fourth amended complaint. However, this Court concluded that the plaintiffs' bad faith pooling and breach of the implied covenant of good faith and fair dealing claims in Counts V, VI, and VII were not dismissed in so far as they allege breaches not dependent upon the defendants' right to pool. The Sterns have now filed a motion for leave to file a fifth amended complaint. The defendants filed separate oppositions, and the Sterns filed a reply.

The Sterns' proposed fifth amended complaint includes three counts. Count I alleges that Chesapeake included the Sterns' properties in the Ray Baker Unit but failed to pay the Sterns royalties as required by the subject leases, the subleases, and West Virginia Code § 22-6-8(e), and that Chesapeake's inclusion of the Sterns' properties in the Ray Baker Unit resulted in an oversized unit in violation of the terms of the subleases. They allege that these actions constitute bad faith pooling. Count II alleges that SWN also failed to pay royalties and that SWN's removal of the Sterns' properties from the Ray Baker Unit violated the subleases' unitization provisions, and that these actions

3

constitute bad faith pooling. Count III alleges that Chesapeake and SWN's actions constitute breach of the covenant of good faith and fair dealing.

## II. Applicable Law

Where a party seeks to amend its pleadings after the deadline for such amendments in the scheduling order has passed, the party must show good cause under Federal Rule of Civil Procedure 16(b)(4) for why the party failed to timely file a motion to amend. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Good cause requires that the party has been diligent in seeking to abide by deadlines. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012). If the party demonstrates good cause, the court must then apply the liberal standard for amending provided by Rule 15(a)(2). Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

## III. Discussion

A. Good Cause Under Rule 16(b)(4)

"[A]fter the deadlines provided by a scheduling order have passed, [Rule 16(b)(4)'s] good cause standard must be satisfied to justify leave to amend [] pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Good cause requires that the party has been diligent in seeking to abide by the applicable deadlines. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012).

The Sterns have demonstrated good cause for seeking an out-of-time amendment to their complaint. The Sterns' prior amended complaints were based on a theory that the subject leases did not allow the defendants to pool or unitize their properties with others. This Court found that the subject leases do permit the defendants to pool or unitize the Sterns' properties and, thus, the Sterns' case theory was extinguished. However, this Court did not dismiss the Sterns' remaining breach of contract claims that were not based on the lack of pooling rights. The Sterns' remaining breach of contract claims vaguely stated factual bases outside of the defendants' right to pool or unitize. They now seek to clarify those allegations.

The defendants argue that the Sterns were not diligent because they were aware of the factual basis of their new claims at the time of their prior amendments. However, the Sterns' choice to not include these specific allegations in prior amended complaints is not fatal. The Sterns demonstrate that they did not specifically plead these additional facts because these allegations are based on an alternative case theory, separate and distinct from the theory they originally asserted. The Sterns were not required to specifically plead facts regarding this alternative case theory in their prior amendments. However, now that this Court has found that the defendants do have pooling or unitization rights, the

5

Sterns have good cause to clarify their remaining claims and refocus this litigation.

B.  Leave to Amend Under Rule 15(a)(2)

The defendants argue that the Sterns' motion should be denied because the amendments are unnecessary, constitute entirely new claims that will require additional discovery, and the Sterns seek these amendments after undue delay.

Rule 15(a)(2) provides that if a party seeks to amend its pleading more than twenty-one days after service of a responsive pleading, it may do so "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some good reason "such as undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

First, as discussed above, the Sterns have been diligent in complying with the deadlines in the scheduling order and have shown good cause for why they did not seek these amendments earlier.

Thus, this Court does not find any undue delay or dilatory motive on the Sterns' part.

Second, there is no evidence of bad faith. While the defendants argue that the Sterns' amendments seek to add entirely new claims in the guise of their remaining breach of contract claims, the latest allegations are not entirely new to the parties. In their responses, the defendants admit that they are aware of the factual bases of the Sterns' claims set out in the proposed amendment. These new factual allegations are all plead to demonstrate how the defendants allegedly breached their duties of good faith and fair dealing and how they breached the implied covenant against bad faith pooling. The Sterns' clarifying amendments are not indicative of bad faith but instead serve to spell out their remaining claims.

Third, the defendants will not be prejudiced by allowing the Sterns' proposed amendments. The defendants are aware of the factual bases of these new allegations. The issues are tied to the parties' performance of the subject leases via the sublease and deal with their duties to act in good faith in relation to the Sterns. While some additional discovery may be necessary, the discovery deadline of June 12, 2017 offers ample time for such discovery. Further, if the defendants feel that additional time is needed, they may seek an extension of the discovery deadline for good cause.

Fourth, the Sterns' amendments will not be futile.  Although the defendants argue that the amendments are unnecessary because the parties are fully aware of the factual bases of these new allegations, the amendments serve to clarify the Sterns' remaining claims.  The Sterns' remaining breach of contract claims provided only vague allegations regarding the defendants' breach of good faith and fair dealing and breach of the implied covenant against bad faith pooling.  Thus, while the amendments may not strictly be necessary, they will assist the parties and this Court in identifying the factual disputes in this case and permit the efficient resolution of this matter.  Accordingly, this Court finds no reason for denying the Sterns' motion for leave to amend.

## IV. Conclusion

The Sterns have demonstrated good cause for seeking an out-of-time amendment.  Further, this Court finds no reason to not apply Rule 15(a)(2)'s liberal amending standard.  Accordingly, the Sterns' motion (ECF No. 122) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to file as the plaintiffs' fifth amended complaint.  ECF No. 122-1.  Further, the Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      March 2, 2017

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE